IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM E. COLEMAN, JR.,
Inmate No. 456672,
    Plaintiff,

vs.                                  Case No.: 3:15cv172/MCR/EMT

CORIZON, LLC, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon a motion to dismiss filed by Defendants Corizon, LLC, Allan Ho, and Gary Owens (ECF No. 47) and incorporated memorandum of law.  Defendant Annie L. Phillips has adopted the motion (ECF No. 49).  Plaintiff filed a response to the motion (ECF No. 53), and Defendants filed a reply (ECF No. 58).

LEGAL STANDARDS

Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive the motion to dismiss, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> . . . a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

ANALYSIS

Defendants first assert that the complaint should be dismissed because the claims against Defendants Corizon and Owens in the second amended complaint amount to a "shotgun pleading" as they are improperly commingled. Defendants cite to Weiland v. Palm Beach County Sherriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015), to support their contention that the complaint should be dismissed on this basis. Weiland culled together a description of the various types of shotgun pleadings:

Case No. 3:15cv172/MCR/EMT

>   The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23 (footnotes omitted).

Defendants fault the complaint for commingling Corizon and Owens because supervisory liability is approached differently when the defendant is an entity such as Corizon and when it is an individual such as Owens. It does appear from the complaint that these two Defendants were commingled because Plaintiff considered them to have acted in their supervisory capacities. While Defendants cite to case law that might point to differences between a supervisory entity and a supervisory individual, the similarities between the two largely outweigh their differences. Defendants do not complain that the complaint is exceedingly long, rambling, or

Case No. 3:15cv172/MCR/EMT

redundant. Most importantly, Defendants do not spell out how those differences lead them to any lack of understanding as to how liability is alleged as to either Defendant in particular. Indeed, Defendants do little more than make the blanket statement that the "sin" of commingling was committed. As <u>Weiland</u> itself suggests, erecting a wall of separation between each claim may not necessarily promote clarity, especially when the same essential transactions or occurrences are involved. *Id.* at 1325 n.18.

Also important is that, unlike <u>Weiland</u>, this case involves a pro se plaintiff, and the court is mindful that a pro se party's allegations must be read and construed in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). That the court has been able to conduct its review of Plaintiff's pleadings under Section 1915 and gather from it the salient facts suggests that Defendants ought to be able to do the same. The court considers that Defendants have at least enough information to be placed on notice as to the nature of Plaintiff's claims, and therefore it is not "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." <u>Weiland</u>, 792 F.3d at 1320 (quotation omitted).

Finally, the relief sought in the motion dictates against the granting of the motion, for Defendants seeks only the option of dismissal. Defendants could have requested a more definite statement from Plaintiff pursuant to Rule 12(e) of the

Federal Rules of Civil Procedure but did not do so.[1]  Because dismissal would simply be too drastic a remedy, the motion is also subject to denial in that regard.

Next, Defendants move to dismiss Plaintiff's claims in Counts Five, Six, and Seven because they are claims of medical negligence or malpractice, and Plaintiff failed to follow the pre-suit notice requirements under Florida law.  Florida's Medical Malpractice Act, contained in Chapter 766, Florida Statutes (2016), sets out a pre-suit investigation and notice procedure that must be followed before medical negligence claims may be filed in court.  See Kukral v. Mekras, 679 So. 2d 278, 280 (Fla. 1996).  As part of this procedure, Section 766.106(2) requires that, after completing a pre-suit investigation pursuant to Section 766.203 to ensure that there are reasonable grounds for the claim, the plaintiff must provide notification to each prospective defendant by certified mail of the plaintiff's intent to initiate litigation for medical negligence.  This requirement applies to claims that arise out of the rendering of or the failure to render medical care or services.  J.B. v. Sacred Heart Hosp. of Pensacola, 635 So. 2d 945, 949 (Fla. 1994).  The requirements apply to incarcerated plaintiffs, O'Hanrahan v. Moore, 731 So. 2d 95 (Fla. 4th DCA 1999); Okaloosa County v. Custer, 697 So. 2d 1297 (Fla. 1st DCA 1997), as well as cases filed in federal court.  See McMahan v.

---

[1] The court notes that Defendants mention the idea of a more definite statement but do not request such.

Case No. 3:15cv172/MCR/EMT

Page 7 of 10

Toto, 256 F.3d 1120 (11th Cir. 2001); Clark v. Sarasota County Public Hosp. Bd., 65 F. Supp. 2d 1308, 1314 (M.D. Fla. 1998).

Section 766.203(2)(b), Florida Statutes (2016) also requires that the pre-suit notice include a written opinion from a medical expert to corroborate that reasonable grounds exist for initiating the litigation. This expert opinion requirement is designed to prevent the filing of a baseless litigation. *See* Fort Walton Beach Medical Ctr. Inc. v. Dingler, 697 So. 2d 575 (Fla. 1st DCA 1997); Archer v. Maddux, 645 So. 2d 544 (Fla. 1st DCA 1994). As is relevant here, however, Section 766.204 contains a provision whereby this expert opinion requirement is deemed waived if a plaintiff is denied in his request for medical records relevant to his claims. *See* Mincey v. Moore, 814 So. 2d 1081 (Fla. 1st DCA 2002); Medina v. Public Health Trust, 743 So.2d 541 (Fla. 3d DCA 1999). Importantly, as is plain from the statute, this failure does not excuse the requirement of pre-suit notice that must be sent to defendants; it merely excuses the expert opinion requirement. *See* Mincey, Medina , *supra*.

Thus, in this case Plaintiff is incorrect in his assertion that his failure to receive his requested medical records waived the requirement that pre-suit notice be given to Defendants. It is clear that Plaintiff failed to provide this notice, and for this reason his claims in Counts Five, Six, and Seven should be dismissed. *See* Williams v.

Case No. 3:15cv172/MCR/EMT

Campagnulo, 588 So. 2d 982 (Fla. 1991). As Defendants indicate, since Plaintiff's allegations at the latest do not go beyond February 22, 2015 (*see* ECF No. 18 at ¶¶ 50–61), the two-year statute of limitations applicable to medical negligence actions has clearly passed; thus, any chance that Plaintiff might have had to cure the failure of notice has already passed.

Last, Defendants move for dismissal of Count Eight of the complaint, which Plaintiff identifies as "fraudulent concealment." Plaintiff alleges that Defendants covered up their lack of medical care provided for him by alterations in medical records and arranging for medical services and noting such in those records when the service was not in fact provided (ECF No. 18 at 28). As Defendants point out, the legal term "fraudulent concealment" denotes fraudulent behavior by a party to conceal a cause of action which if proven may act to toll the running of a statute of limitations. *See* Raie v. Cheminova, Inc., 336 F.3d 1278, 1282 n.1 (11th Cir. 2003) (citing Berisford v. Jack Eckerd Corp., 667 So. 2d 809, 810 (Fla. 4th DCA 1995)); West Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co., 163 So. 3d 635, 639 (2d DCA 2015). Thus, it is not an independent cause of action and should therefore be dismissed. Plaintiff describes this Count as a "continuation" of his Eighth Amendment claims of deliberate indifference to his medical needs—which Plaintiff

Case No. 3:15cv172/MCR/EMT

has pleaded in separate counts (ECF No. 53 at 4–5).  Plaintiff's claims of medical indifference should be the repository of his allegations in Count Eight.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.	That Defendants' Motion to Dismiss and Notice of Adoption (ECF Nos. 47, 49) be **GRANTED** only to the extent that Counts Five, Six, Seven, and Eight as contained in Plaintiff's Second Amended Complaint be **DISMISSED** and that the motion be **DENIED** in all other respects.

2.	That this case be referred to the undersigned for further proceedings.

At Pensacola, Florida, this 21st day of February 2018.

>	/s/ *Elizabeth M. Timothy*
>	**ELIZABETH M.  TIMOTHY**
>	**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:15cv172/MCR/EMT